UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN S. WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV00526 ERW |
| ) | |
| DR. PEPPER/SEVEN UP ) | |
| MANUFACTURING COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Kevin S. Warren's Motion to Remand [ECF No. 11].

**I.    PROCEDURAL BACKGROUND**

In June 2012, Plaintiff Kevin S. Warren filed a Charge of Discrimination accompanied with a Complainant Interview Form against Defendant Dr. Pepper/Seven Up Manufacturing Company (DPSU) with the Missouri Commission on Human Rights (MCHR) and Equal Employment Opportunity Commission (EEOC). [ECF No. 12-4 at 4-6]. The MCHR subsequently issued a Right to Sue Letter, referencing a claim against DPSU only. [ECF No. 15-4]. Plaintiff then filed suit in the Circuit Court of the County of St. Louis, alleging that DPSU violated the Missouri Human Rights Act (MHRA) by discharging Plaintiff from his employment on the basis of his age. In his Petition, Plaintiff also named DPSU employees Victoria Wheeler, Chris Stanze, and James Amos (the Individual Defendants) as defendants. [ECF No. 1-1 at 5]. On March 20, 2013, DPSU removed this case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [ECF No. 1]. Plaintiff now moves to remand this case to state court for lack of complete diversity. [ECF No. 11].

## II. STANDARD

Generally, the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Federal diversity jurisdiction "requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *In re Prempro Prods. Liabl. Litig.*, 591 F.3d 613, 619-20 (8th Cir. 2010). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). The party asserting federal diversity jurisdiction has the burden of proving diversity by a preponderance of the evidence. *Prempro Prods. Liab. Litig.*, 591 F.3d at 620. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.*

## III. DISCUSSION

Plaintiff argues that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332. First, Plaintiff contends that DPSU, like Plaintiff, is a citizen of Missouri, thereby eliminating complete diversity.[1] Second, Plaintiff asserts that the Individual Defendants, as citizens of Missouri, also invalidate the Court's diversity jurisdiction.

### A. DPSU Does Not Destroy Complete Diversity, Because It Maintains Its Principal Place of Business in Texas

Plaintiff maintains that DPSU has its principal place of business in Overland, Missouri, rendering DPSU a citizen of Missouri and non-diverse from Plaintiff. In support of this assertion, Plaintiff notes that DPSU lists "Overland, Missouri" as its principal place of business on its Secretary of State filings. Defendants respond that DPSU is not a Missouri citizen, because it has

---

[1]The parties do not dispute that (1) Plaintiff is a citizen of Missouri, (2) DPSU is incorporated under the laws of Delaware, and (3) the amount in controversy exceeds $75,000.

2

its principal place of business in Plano, Texas, where its officers direct, control and coordinate the corporation's activities.

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A corporation maintains its principal place of business wherever its "officers direct, control, and coordinate [its] activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The principal place of business will ordinarily "be the place where the corporation maintains its headquarters **%** provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the 'nerve center[.]'" *Id.* at 93.

Defendants have established by a preponderance of the evidence that DPSU maintains its principal place of business in Texas. The Declaration of Brenda Dixon, DPSU's Human Resource Business Partner, makes clear that DPSU's officers direct, control, and coordinate business activities in Plano, Texas. Specifically, Dixon states,

> All of [DPSU's] officers, including its President and Chief Executive Officer, all three members of its Board of Directors, all three of its Executive Vice Presidents, its Secretary, its Chief Financial Officer, all four of its Senior Vice Presidents, its three Assistant Secretaries, its Controller, and all three of its Vice Presidents are all located in Plano[,] Texas.

[ECF No. 1-2]. Moreover, "[a]ll of the accounting, financial, legal, quality control, human resource, and other services for [DPSU] are either directed from Plano, Texas, or other locations outside the state of Missouri." *Id.* Thus, DPSU's Plano, Texas location constitutes more than "an office where the corporation holds its board meetings" and truly qualifies as the "nerve center" of the business. *Hertz*, 559 U.S. at 93. In contrast, Plaintiff's reliance on DPSU's Secretary of State filings lacks

merit, because these documents have no bearing on where DPSU's "officers direct, control, and coordinate [its] activities."[2] *Id.* at 92-93.

Accordingly, the Court finds that Defendants have proved by a preponderance of the evidence that DPSU is a citizen of Texas, and therefore diverse from Plaintiff.

### B. Because Plaintiff Fraudulently Joined the Individual Defendants, the Court Retains Federal Subject Matter Jurisdiction

Plaintiff also contends that the Individual Defendants, as Missouri citizens, destroy complete diversity. Plaintiff states that while he failed to name the Individual Defendants in his Charge of Discrimination, they remain properly joined, because the Charge of Discrimination and Complainant Interview Form sufficiently put the Individual Defendants on notice of a lawsuit against them. Additionally, Plaintiff asserts that there exists a "substantial identity of interest" between DPSU and the Individual Defendants, so that joinder is proper, even without naming the Individual Defendants as parties at the administrative level.

Defendants argue that Plaintiff fraudulently joined the Individual Defendants by failing to name the them as respondents at the administrative level. Defendants contend that Missouri law precludes MHRA lawsuits against individuals not named as respondents at the administrative level unless a "substantial identity of interest" exists between the named and unnamed parties. Defendants maintain that there exists no substantial identity of interest between DPSU and the Individual Defendants, and that Plaintiff therefore failed to exhaust his remedies as to the Individual Defendants.

---

[2]In fact, the Secretary of State filings tend to support the notion that DPSU has its principal place of business in Texas, because the officers all list DPSU's Plano, Texas location as their physical address. [ECF No. 12-1].

To prove that a plaintiff fraudulently joined a diversity-destroying defendant, Defendants must show that "the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson v. Systs. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). Thus, "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Id.* (emphasis in original). Alternatively, fraudulent joinder does not exist when "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* (quoting *Filla*, 336 F.3d at 811). Where fraudulent joinder exists, non-diverse parties will not prevent the federal courts from exercising diversity jurisdiction. *Kan. Pub. Emps. Ret. Syst. v. Reimer & Kroger Assocs., Inc.*, 4 F.3d 614, 619 (8th Cir. 1993).

In light of the foregoing, the issue before the Court is whether Missouri law clearly precludes an MHRA action against the Individual Defendants. Under Missouri law, a person claiming relief under the MHRA must file an administrative complaint, "which shall state the name and address of the person alleged to have committed the unlawful discriminatory practice[.]" Mo. Rev. Stat. § 213.075(1). Additionally, "[t]he complaint shall state facts supporting the allegations of unlawful discriminatory practice and the person against whom the complaint is filed." Mo. Code Regs. Ann. 8 § 60-2.025(2).

Missouri law also dictates, however, that the purpose of these administrative requirements is "to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation[.]" *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. 2009) (en banc). Thus, the plaintiff satisfies the administrative requirements when a "substantial identity of interest" exists between the parties sued and the respondents named in the administrative complaint. *Hill v. Ford*

*Motor Co.*, 277 S.W.3d 659, 669 (Mo. 2009) (en banc). In determining whether a substantial identity of interest exists, Missouri courts examine four factors:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC [or MCHR] complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC [or MCHR] proceedings; 3) whether its absence from the EEOC [or MCHR] proceedings resulting in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 669-70; *Jackson v. Mills Props.*, No. 4:11CV419SNLJ, 2011 WL 3607920, at *2 (E.D. Mo. Aug. 12, 2011). Because Plaintiff's administrative filings list only DPSU as a respondent, [ECF No. 12-4 at 4-6], the Court must examine these factors to determine whether a substantial identity of interest arguably exists between DPSU and the Individual Defendants.

As to the first factor, it is clear that Plaintiff could have ascertained the Individual Defendants' personal information and named them in his administrative complaint, as Plaintiff's state court petition details the frequency and regularity with which Plaintiff interacted with the Individual Defendants.[3] [ECF No. 6 at ¶¶ 14-18, 25, 29]. Second, nothing in the record indicates that DPSU and the Individual Defendants have similar interests that render naming the Individual Defendants in the administrative filings unnecessary for purposes of obtaining voluntary compliance and conciliation. Rather, given the vast difference in economic positions between DSPU and the Individual Defendants, the Individual Defendants clearly have a greater incentive to initiate conciliatory proceedings or voluntarily correct any allegedly illegal behavior. Third, the Individual

---

[3]Additionally, pursuant to Mo. Rev. Stat. § 213.075(4), Plaintiff could have added additional respondents at the administrative level by properly identifying and notifying such individuals. The Court also notes that at some point during his administrative proceedings, Plaintiff retained counsel, [ECF No. 15-7], making literal compliance with the MHRA statutes and regulations more practicable.

Defendants' absence from the administrative filings resulted in actual prejudice. As set forth in their affidavits, the Individual Defendants had no actual knowledge that Plaintiff would pursue a claim against them individually,[4] no opportunity to submit responsive documents at the administrative level, and no opportunity to participate in conciliatory proceedings. [ECF Nos. 15-1, 15-2, 15-3]. Finally, nothing in the record suggests that Plaintiff in some way represented to the Individual Defendants that he intended to sue them personally.

The Court therefore finds that the Individual Defendants were fraudulently joined, as there exists no reasonable basis in law and fact to believe Plaintiff complied with the administrative requirements of the MHRA as interpreted by Missouri courts. Plaintiff did not abide by the MCHR regulations. Moreover, under Missouri law, DPSU and the Individual Defendants clearly lack a substantial identity of interest.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [ECF No. 11] is **DENIED**.

Dated this  23rd  day of August, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

[4]In fact, even when Plaintiff filed his state court claim, he "only request[ed] service [of process] on the Defendant corporation via its Registered Agent[.]" [ECF No. 1-1 at 4]. Plaintiff did not serve the Individual Defendants.